Curia, per

Gantt, J.
This was an indictment under the negro Act of 174-0, (P. L. 17.3,) sec. 45, for cruelly beating a .slave. The clause in question reads thus; “If any person ■shall, on a sudden heat or passion, or by undue correction, kill his own slave, or the slave of any other person, he shall forfeit the sum of three hundred and fifty pounds, current money. And in case any person or persons shall wilfully cut out the tongue, put out the eye, castrate, or cruelly scald, burn, or deprive any slave of any limb, or member, or shall inflict any other cruel punishment, other than by whipping, or ■beating with a horse-whip, cow-skin, switch, or small stick, or by putting irons on, or confining, or imprisoning such slave; ..every such person shall, for every such offence, forfeit the .sum of one hundred pounds, current money.”
The offence charged, and fully proved, in this case, was that the defendant did beat on the head, with a pistol, a negro man slave, named Stuart, the property of Loomis & Davis. It did not appear that the negro had in any manner ¡conducted himself amiss, or had said or done any thing to justify the defendant’s conduct. Wilson was in a state of intoxication, and meeting with Stuart, a mulatto man, conceived him to be an Indian, immediately struck him several severe blows on the head with a pistol, thereby disabling the slave considerably, and rendering it necessary to send for a physician. After being confined at the place where he was beaten for some days, he had to be sent home to his master.
TheAct.oi Assembly designates the hoise-whip, cow-skin, switch, or small stick, as instruments proper to be used for the correction of slaves. To strike, therefore, with a pisto 1, over the head, and with violence, an unoffending and unresisting slave, and inflicting serious wounds.on the head, there *165 by disabling the slave for a time to perform service for his master, and subjecting the master to the expense of a physician’s attendance, constituted such a beating as, in the opinion of the presiding judge was punishable by indictment, pursuant to the' obvious intendment and meaning of the Act of Assembly. The jury were so instructed by the presiding judge, and found the defendant guilty. The case is now brought up on the following grounds.
Cheves for the motion; Myers, for the Solicitor, contra.
“ That the presiding judge charged the jury that the punishment inflicted on the slave need not be of the same grade of cruelty with those particularized in the statute.”
The court are unanimous that the presiding judge did not err in the construction given to the clause of the Act under which the defendant was indicted.
To beat with a pistol over the head, is not with such an instrument as is contemplated by the Act, and in this case, may emphatically be denominated a cruel punishment, and such as subjected the defendant to the penalty of the law.
Motion dismissed;
the whole Court concurring.